IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERSATA SOFTWARE, INC. f/k/a TRILOGY SOFTWARE, INC.**<br><br>     Plaintiff,<br><br>v.<br><br>**CONFIGIT A/S,**<br><br>     Defendant. | CIVIL ACTION NO.: 6:19-cv-579<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Versata Software, Inc. f/k/a Trilogy Software, Inc. ("Versata") files this Original Complaint for trade secret misappropriation, misappropriation of confidential information, unfair competition, and declaratory judgment against Configit A/S ("Configit" or "Defendant"). In support thereof, Versata respectfully alleges as follows:

### PARTIES

1. Versata is a corporation existing under the laws of Delaware with its principal place of business at 401 Congress Avenue, Suite 2650, Austin, Texas 78701.

2. Upon information and belief, Configit is Danish corporation with headquarters at Midtermolen 3, 2100 København, Denmark.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for this action pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the remaining claims asserted herein pursuant to 28 U.S.C. § 1367.

1

5.  The claims asserted herein also give rise to diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional amount and there is complete diversity of the parties.

6.  This Court has personal jurisdiction over Configit for at least the reasons set forth in Paragraphs 9-12, and 20-33 herein. These paragraphs are incorporated by reference as though fully set forth herein. Further, upon information and belief, Configit's activities in, and/or directed to, the United States and this forum, including those identified in the allegations set forth herein, are sufficient to establish personal jurisdiction over Configit in this forum pursuant to Federal Rule of Civil Procedure 4(k)(2).

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this District and because all or a substantial part of the property that is the subject of this action is situated in this District. Plaintiff Versata is also headquartered in this District.

8.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Configit is a foreign corporation not resident in the United States.

## FACTUAL BACKGROUND

**A.   Versata**

9.  Versata is an enterprise software company that has developed some of the most successful, sophisticated, and powerful enterprise software in the United States. One of its main areas of focus is product configuration software, and Versata has been a leader in developing cutting edge technology in this space for over three decades employing hundreds of software engineers and mathematicians with advanced degrees in configuration management.

10. Through years of extensive research and development, Versata determined that automating manual processes was highly valuable, including in complex automotive manufacturing that provided manufacturers and dealers with numerous configuration options for different vehicles. As a result of that research and development, Versata created "Automotive Configuration Manager" ("ACM"), a software platform comprised of technical data, formulas, patterns, screens, source code, binary code, compilations, programs, and other trade secret and proprietary information specifically designed to assist automotive manufacturers in defining and distributing automotive product configurations and enabling manufactures to manage extremely complex vehicle lines while enhancing the consumer and dealer shopping experience and making custom configuration possible on the web. Prior technologies used order guides found at dealers to program their websites allowing for numerous errors that frustrated customers and internal documents that were manually manipulated and maintained that led to manufacturing problems and part shortages. Additionally, Versata created "Retail Config," a software platform comprised of technical data, formulas, patterns, screens, source code, binary code, compilations, programs, and other trade secret and proprietary information specifically designed to assist automotive manufacturers, dealers, and consumers in defining, creating, equipping, shopping for, and ordering automotive product configurations.

11. Versata's trade secret and proprietary information embodied in ACM generally include, but are not limited to, tools that allow users to avoid using programming or technical statements to navigate and edit rule logic, and environments that map to automotive organizations and support separate workflows. Versata's trade secret and proprietary information embodied in Retail Config include, but are not limited to, a process that separates the model selection and option equipping of a vehicle line into two distinct configuration processes; behavior that fills-in

3

selections the user has not made based on pre-defined standard conditions; logic that describes the impacts of making invalid selections, selections that include other options, and included options based on prior selections; pre-computed variable option pricing displayed in a particular manner and based on certain criteria; and determining the visibility of variables and values for options or features based on their availability with the product selected. The trade secret and proprietary information embodied in ACM and Retail Config are referred to herein as "Versata's Trade Secrets."

12. Versata has always taken substantial measures to ensure ACM, Retail Config, and its Trade Secrets are not improperly acquired or disclosed to competitors and/or the public, including by requiring employees and contractors to maintain confidentiality, developing confidential relationships with its potential customers and licensees, and by requiring potential customers and licensees to sign non-disclosure agreements and/or master subscription services agreements ("MSSAs") containing rigorous confidentiality provisions intended to prevent the improper acquisition, disclosure, and use of ACM, Retail Config, and its Trade Secrets.

**B.   Jaguar Land Rover ("JLR") – A Prospective Versata Licensee**

13. JLR, like other auto manufacturers, sells a range of motor vehicle lines in different vehicle categories, such as SUVs, sedans, and other vehicles. Each vehicle line in each category has different configurations and options. For example, most vehicles are offered with more than one engine, transmission, wheel, and color choice, as well as numerous other configurations and options leading to hundreds of thousands or even millions of combinations.

14. Importantly, not all vehicle components are compatible with one another or available in specific markets, further complicating the configuration of each vehicle. For example, a particular engine may not be compatible with a particular transmission, and specific emissions

components or engines may not be available in certain markets due to regulatory restrictions. Given the complexity and options available on a vehicle, millions of configurable combinations are possible for each vehicle line.

15. Prior to the advent of automated processes to handle orders from customers selecting between a wide range of vehicle configurations, JLR, like many enterprises, managed configurations manually as a part of processing orders from dealers. Given the sheer number of potential configuration options available in a given product line, this process was burdensome, time-consuming, and error-prone.

C. **JLR Initiates Discussions With Versata Regarding JLR's Automation and Configuration Needs**

16. Discussions between JLR and Versata regarding ACM and Retail Config began prior to 2004. Initial discussions were conducted through email and telephone communications between JLR's technology and business personnel located in the United Kingdom and Versata's product and development personnel located in this District. Those discussions then led to onsite meetings between JLR and Versata's representatives in the United Kingdom and in this District.

17. During these in-person meetings, Versata's personnel explained the value of ACM and Retail Config and how it could be used by JLR to perform automated data and configuration analysis, including automating the processing of customer-specific configurations of its vehicles selected by JLR's customers. In particular, Versata explained that ACM and Retail Config could completely transform JLR's data management processes (including processing order configurations) from slow, cumbersome, and error-prone processes to intelligent, rapid, accurate, validated, and repeatable automated processes, thereby saving substantial time and resources.

18. During an in-person meeting in Austin, Texas, Versata agreed to share trade secret and proprietary information with JLR to specifically demonstrate the functionality and value of

ACM and Retail Config. ACM, Retail Config, and Versata's Trade Secrets were substantially developed in, and reside in, this District.

19.     Prior to disclosing its Trade Secrets, the parties reached an agreement that ACM, Retail Config, and Versata's Trade Secrets would be disclosed to JLR solely for benefit of JLR, and that JLR would not disclose ACM, Retail Config, or any of its Trade Secrets to any non-JLR personnel.

**D.     JLR Contracts with Versata To Implement ACM and Retail Config, and Uses it For Years Until Configit Comes Along**

20.     After several months of discussions, and after learning the significant value of ACM and Retail Config, JLR agreed to license and use Versata Software, including ACM and Retail Config in 2009. As part of that agreement, JLR and Versata entered into a Master Subscription and Services Agreement ("MSSA") governing JLR's licensing of ACM and Retail Config.

21.     As described above, Versata's MSSAs, including those executed with JLR, contain a number of provisions clearly defining Versata's ownership of ACM, Retail Config and Versata's Trade Secrets, as well as numerous stringent provisions designed to prevent the improper use and disclosure of ACM, Retail Config and Versata's Trade Secrets. These provisions are part of Versata's substantial efforts to maintain the secrecy of ACM, Retail Config, and Versata's Trade Secrets and to prevent their improper use and disclosure.

22.     In 2012, following years of using ACM, Versata visited JLR in the United Kingdom to solidify the renewal and upgrade of its ACM license to an ACM Enterprise (*i.e.*, cloud-based) product.

23.     Upon information and belief, JLR began a relationship with Configit at some point during the time in which JLR was using ACM and Retail Config. While Versata was aware of

Configit as a software entity, Configit's previous software offerings were not equivalent to ACM or Retail Config, and could not serve as a substitute for those products given the more advanced and sophisticated automation and other processes present in ACM and Retail Config.

24. By way of example, during the timeframe JLR licensed the ACM and Retail Config software, Configit's antiquated configuration software had no notion of automotive product usage statements, the enterprise requirements to support multi-user concurrency in draft environments, or the merging of concurrent edits to the underlying production data and business consistency of data. The specifics of developing and executing these types of features in configuration software were present in ACM and Retail Config.

25. Versata recently discovered that two Configit patents—U.S. Patent No. 10,049,396 ("the '396 Patent"), issued on August 14, 2018, and U.S. Patent No. 10,303,808 ("the '808 Patent"), issued on May 28, 2019 (collectively the "Configit Patents")—specifically identify and disclose features that are the same, or substantially similar to, Versata's Trade Secrets present in ACM and Retail Config. Both patents are attached hereto and incorporated herein as **Exhibits A and B**, respectively.

26. For example, the '396 Patent discloses concepts and techniques related to the operation of Versata's ACM product including, but not limited to: the use of view defining or qualifying features, partition or scope variables, base configuration features, or similarly termed elements that perform a categorization role in the process of dividing product or vehicle line models into constituent smaller models to deal with processing limits, as well as optimizing configuration operation to reduce compute time and space requirements. Similarly, the '396 patent discloses several concepts related to the operation of Versata's Retail Config product including, but not limited to: the splitting of a vehicle line configuration model into separate product

configuration models that can be independently configured; the identification of which configuration product and product model has been selected via a configuration initialization process; simplifying the configuration process that follows the selection of product-defining or scope variables by eliminating or hiding variables; verifying that a partially configured product is valid by determining if the selections are valid and complete; and determining the validity of configuration options.

27. The '808 Patent discloses concepts and functions that are discoveries made and maintained as trade secrets by Versata from ACM including, but not limited to, the creation of binary graph structures via recursive processing, dependency graphs, and the manipulation of those structures. The '808 Patent also discloses several concepts related to the operation Retail Config including, but not limited to: determining the validity of configuration options; determining and displaying which corrections need to be made in order to change an invalid selection into a valid one; determining and displaying via flagged states different values for variables corresponding to admissibility/validity in the configuration.

E. **On Information and Belief, Configit Obtained Access to ACM, Retail Config, and Versata's Trade Secrets through JLR, and Used Both to Develop its Own Patents and Software**

28. As described above, Versata has spent well over three decades developing and refining configuration and automation software, including ACM and Retail Config. Given the extensive amount of time, effort, and resources expended in developing ACM, Retail Config, and Versata's Trade Secrets, it is inconceivable that Versata's Trade Secrets could be independently developed in a short period of time. It is also inconceivable that features that are identical, or substantially similar to, the unique features of ACM, Retail Config, and Versata's Trade Secrets could be replicated without access to ACM, Retail Config, and Versata's Trade Secrets.

29. Upon information and belief, Configit used its relationship with JLR to obtain access to ACM, Retail Config, and Versata's Trade Secrets and used that information to develop intellectual property, including patents, as well as its own configuration software that it could sell or license to customers in the United States and around the world, including JLR.

30. Upon information and belief, Configit knew, or should have known, at the time it acquired access to ACM, Retail Config, and Versata's Trade Secrets that they were acquired under circumstances giving rise to a duty to maintain the secrecy of ACM, Retail Config, and Versata's Trade Secrets, and that JLR owed a duty to Versata to maintain the secrecy of ACM, Retail Config, and Versata's Trade Secrets.

31. Upon information and belief, after acquiring access to ACM, Retail Config, and Versata's Trade Secrets, Configit improperly used and disclosed Versata's Trade Secrets by developing U.S. Patent Nos. 10,049,396 and 10,303,808, and by developing its own configuration software based on ACM, Retail Config, and Versata's Trade Secrets.

32. Upon information and belief, Configit is continuing to improperly use and disclose Versata's Trade Secrets in the development, marketing, and sale or licensing of its own configuration software (and other intellectual property) to customers around the world, including in the United States.

33. Upon information and belief, Configit knew, or should have known, that Versata is headquartered in Austin, Texas, and knew, or should have known, that misappropriating ACM, Retail Config, and Versata's Trade Secrets would cause substantial harm to Versata in this forum.

## CAUSES OF ACTION

### Count I – Violation Of Defend Trade Secrets Act of 2016
**(18 U.S.C. 1831, *et seq*.)**

34. Versata hereby alleges and incorporates by reference each of the preceding

paragraphs of the Complaint as though fully set forth herein.

35. Versata's Trade Secrets constitute trade secrets as defined by the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

36. Versata's Trade Secrets relate to products and services used, sold, shipped and ordered in, or intended to be used, sold, shipped and/or ordered in interstate or foreign commerce.

37. Versata's Trade Secrets derive substantial independent economic value by not being generally known to the public, and specifically by not being known to Versata's competitors. They are not generally known within the industry and represent years of extensive research and development undertaken by Versata. Further, Versata undertakes all reasonable efforts to maintain the secrecy of its Trade Secrets from disclosure, including, but not limited to, imposition of duties of confidentiality with its potential customers and licensees and use of contractual agreements expressly prohibiting improper use and disclosure of Versata's Trade Secrets by its potential customers and licensees.

38. Upon information and belief, Configit misappropriated Versata's Trade Secrets by disclosing, using, and continuing to improperly disclose and use ACM, Retail Config, and Versata's Trade Secrets to develop its own intellectual property, including patents, and to develop its own configuration software that it has licensed, and continues to license, to entities in the United States. Further, upon information and belief, Configit knew, or should have known, at the time of acquisition, use and/or disclosure that ACM, Retail Config, and Versata's Trade Secrets were acquired under circumstances giving rise to a duty to maintain the secrecy of the Trade Secrets, and were derived from or through a person who owed a duty to Versata to maintain the secrecy of Versata's Trade Secrets.

39. Upon information and belief, Configit's improper acquisition, disclosure, use,

and/or continuing use of Versata's Trade Secrets constitutes a violation of the Defend Trade Secrets Act.

40. Upon information and belief, Configit's conduct and continued possession, use, and disclosure of Versata's Trade Secrets has caused, and unless enjoined by the Court, will continue to cause, irreparable harm and injury to Versata. Versata has no other adequate remedy at law for such acts and threatened acts. Versata, therefore, requests a permanent injunction, restraining and enjoining Configit and its affiliates, subsidiaries, directors, officers, employees, agents and representatives, and anyone acting in concert with them, from: (i) obtaining, using or disclosing Versata's Trade Secrets for any purpose whatsoever; (ii) developing or marketing any products that rely on, use, or disclose any of Versata's Trade Secrets; and (iii) directing Configit to return immediately all of Versata's Trade Secrets in Configit's possession, custody or control.

41. Upon information and belief, as a direct and proximate result of Configit's unlawful, tortious conduct, Versata has been damaged and Configit has been unjustly enriched. With respect to Configit, this unjust enrichment includes value and profits attributable to Versata's Trade Secrets, including time and resources saved in research and development costs by using Versata's Trade Secrets to develop its own software and patents. Thus, Versata seeks its actual damages caused by Configit's misappropriation and any unjust enrichment obtained by Configit (including the gains, profits, and advantages obtained by Configit as a result of the wrongful acts alleged herein), as well as any other remedies available under applicable law, including, if warranted, imposition of liability for a reasonable royalty for the unauthorized acquisition, disclosure, use, and continuing use of Versata's Trade Secrets.

42. Upon information and belief, Configit's misappropriation of Versata's Trade Secrets was intentional, knowing, willful, and malicious. Thus, Versata is further entitled to an

award of exemplary damages and reasonable and necessary attorney's fees.

## **Count II: Violation of the Texas Uniform Trade Secrets Act**
### (Tex. Civ. Practice & Rem. Code § 134A.001, *et seq.*)

43. Versata hereby alleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

44. Configit's prohibited and improper acquisition, disclosure, use, and/or continuing use of Versata's Trade Secrets constitutes a violation of the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A.001 *et seq*.

45. As set forth in detail above, Versata's Trade Secrets constitute protected trade secrets. This information was compiled by Versata over many years and at great expense. Versata undertakes great efforts to ensure that its trade secrets are kept secret, not generally known or available to the public, and not readily ascertainable by proper means. The steps taken by Versata to protect its Trade Secrets include requiring its licensees to sign contracts restricting disclosure of Versata's Trade Secrets and limiting use only to the extent necessary to allow properly licensed entities access to ACM, Retail Config, and Versata's Trade Secrets. Versata's Trade Secrets provide the company with a competitive advantage in the marketplace, and are not ascertainable by proper means by others who might use it to such an advantage.

46. Upon information and belief, Configit misappropriated Versata's Trade Secrets by improperly acquiring, disclosing, using, and continuing to improperly disclose and use ACM, Retail Config, and Versata's Trade Secrets by claiming as its own intellectual property developed using Versata's Trade Secrets and by licensing and continuing to license configuration software developed using ACM, Retail Config, and Versata's Trade Secrets.

47. Upon information and belief, Configit's improper acquisition, disclosure, use, and/or continuing use of Versata's Trade Secrets constitutes a violation of the Texas Uniform

Trade Secrets Act.

48. Upon information and belief, as a direct and proximate result of Configit's willful and unlawful misappropriation, disclosure, use, and/or continued use of Versata's Trade Secrets, Versata has suffered and will continue to suffer substantial harm. In addition to the monetary damages already sustained by Versata, Configit has also been unjustly enriched as a result of its unlawful conduct. Further, Versata has been and continues to be irreparably damaged, for which there is no adequate remedy at law, and imposition of an injunction is warranted.

49. Further, upon information and belief, Configit's misappropriation of Versata's Trade Secrets was intentional, knowing, willful, and malicious. Versata therefore seeks an award of exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE § 134A.004(B) due to Configit's willful and malicious misappropriation of Versata's Trade Secrets.

50. Pursuant to TEX. CIV. PRAC. & REM. CODE § 134A.005, Versata is also entitled to recover, and hereby pleads the Court for an award of, its reasonable and necessary attorneys' fees in connection with Configit's misappropriation of Versata's Trade Secrets.

## Count III: Misappropriation of Confidential Information

51. Versata hereby alleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

52. Versata is the owner of valuable business methods, confidential knowhow and proprietary information, including its ACM and Retail Config software (hereinafter collectively "Versata's Confidential Information"). This Confidential Information is not generally known information that Versata has taken reasonable efforts to keep secret and that has economic value to competitors such as Configit. It is not readily ascertainable by legal means.

53. Versata has undertaken reasonable steps to protect its Confidential Information

from disclosure and misuse, and has obtained a competitive advantage from it.

54. Upon information and belief, Configit, without permission, unlawfully accessed and used Versata's Confidential Information for its own advantage and to the detriment of Versata.

55. Upon information and belief, Configit intentionally acquired the Confidential Information through what Configit knew, or should have known, was improper and unlawful means.

56. Upon information and belief, as a result of Configit's misappropriation of Versata's Confidential Information, Versata has suffered injury.

57. Upon information and belief, as a direct and proximate result of these wrongful acts, Configit has caused Versata to suffer damages, including actual and consequential damages, loss of goodwill, loss of Confidential Information, as well as the expense of investigating, reporting, and mitigating the misuse of such Confidential Information, all in an amount in excess of the minimum jurisdictional limits of this Court.

58. Upon information and belief, Configit's wrongful actions have also caused Versata, and will continue to cause Versata, irreparable harm and injury, including loss of goodwill, and loss of trade secrets and confidential information.

## Count IV: Unfair Competition

59. Versata hereby alleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

60. Versata's Confidential Information, including ACM and Retail Config, was created through investment of extensive time, labor, skill, and money.

61. Upon information and belief, Configit is now competing with Versata by selling configuration software to customers that is the same as, or substantially similar to, ACM and Retail

Config.

62. Upon information and belief, the software developed and licensed by Configit is based, at least in part, on Versata's Confidential Information, which Configit misappropriated.

63. Upon information and belief, as a result of its misappropriation and the other acts described herein, Configit has gained a special advantage in competing with Versata by being able to license configuration software that is highly desirable to potential customers while being burdened with little or none of the expense of the extensive time, labor, skill, and money needed to develop such a product. Configit has also benefitted from the goodwill and reputation Versata has earned in the industry as a result of using Versata's Confidential Information to develop software that is comparable to Versata's.

64. Upon information and belief, Versata has been damaged as a result of Configit's actions, which constitute unfair competition, palming off, and misappropriation in violation of Texas common law, and Versata is entitled to recover under all remedies provided under applicable law.

## Count V: Declaratory Judgment

65. Versata hereby alleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

66. An actual controversy has arisen between Versata and Configit concerning the nature of Configit's use and disclosure of ACM, Retail Config, and Versata's Trade Secrets.

67. Upon information and belief, Configit has, and continues to, develop technology and other intellectual property, including patents and software, by using ACM, Retail Config, and Versata's Trade Secrets.

68. Accordingly, Versata seeks a judicial determination of the parties' respective rights

and duties, and a declaration affirming that Versata is the sole owner of all technology and other intellectual property developed using ACM, Retail Config, and/or Versata's Trade Secrets.

69. A judicial determination resolving this actual controversy is necessary and appropriate at this time to prevent Configit's unjustified past and continuing misappropriation of Versata's Trade Secrets.

## REQUEST FOR INJUNCTIVE RELIEF

70. Versata hereby alleges and incorporates by reference each of the preceding paragraphs of the Complaint as though fully set forth herein.

71. Unless Configit is enjoined from engaging in additional misconduct, Versata will be irreparably harmed in the marketplace by having its Trade Secrets improperly, unlawfully, and competitively used against it. Such misconduct has resulted in loss already, which is unascertainable at this point in time, and will result in future economic loss.

72. Versata has no adequate remedy at law for Configit's misconduct, as money damages are not adequate to compensate for the ongoing harm caused by its misconduct.

73. Versata has a clear legal right to the requested relief.

74. The public interest favors entry of an injunction to uphold the importance of trade secret preservation and to protect the legitimate business interests of trade secret owners.

## DEMAND FOR JURY TRIAL

Versata demands a trial by jury of any and all issues triable before a jury.

## REQUEST FOR RELIEF

Pursuant to the allegations and claims asserted herein, Versata requests the following:

    A.    An order preliminarily, then permanently, requiring:

        1. Configit return to Versata all of its Trade Secrets and Confidential Information;

    2. That Configit be prohibited from using any Versata Trade Secrets and Confidential Information and from selling or licensing any software services or other products based thereon, regardless of whether the trade secrets are embodied only in a component part of a larger software service;

B. A judgment against Configit on each count of this Complaint, including a declaratory judgment regarding the parties rights and interests in all technology and other intellectual property developed by Configit using ACM, Retail Config, and Versata's Trade Secrets and Confidential Information;

C. A judgment awarding Versata its actual, consequential and other damages allowable by law, including any unjust enrichment obtained by Configit, as well as exemplary damages as provided for under the DTSA and TUTSA;

D. A judgment awarding Versata its reasonable and necessary attorneys' fees incurred in, and related to, this action;

E. Pre- and post-judgment interest at the highest rate allowable by law;

F. Costs of court; and

G. All such further and additional relief to which it may be entitled.

Dated: October 8, 2019

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ *Conor M. Civins*
Conor M. Civins
Texas Bar No. 24040693
conor.civins@pillsburylaw.com
Michael Chibib
Texas Bar No. 00793497
michael.chibib@pillsburylaw.com
401 Congress Ave., Suite 1700
Austin, Texas 78701
Tel: (512) 580-9609
Fax: (512) 580-9601

*Counsel for Plaintiff Versata Software, Inc.*