IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VERSATA SOFTWARE, INC. f/k/a** § <br> **TRILOGY SOFTWARE, INC.** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **CONFIGIT A/S,** § <br> § <br> Defendant. § <br> § <br> § <br> § | C.A. NO. 6:19-CV-579-ADA-JCM |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN D ALBRIGHT,**
       **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Configit A/S's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (ECF No. 12, hereafter "Motion to Dismiss"), Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 16), Defendant's Reply in Support of its Motion to Dismiss (ECF No. 17), and Plaintiff's Sur-reply (ECF No. 18).

For the reasons discussed below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART, DENIED IN PART,** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(2).

1

## I. Background

Plaintiff Versata Software, Inc. f/k/a Trilogy Software, Inc. ("Versata") filed this action on October 10, 2019, pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. § 134A.001 *et seq*. *See* Pl.'s Compl. at ¶¶ 34-50, ECF No. 1. Plaintiff brings this action against Defendant Configit A/S ("Configit"). *See generally id.*

Versata is an enterprise software company incorporated in Delaware with its principal place of business in Austin, Texas. *Id*. at ¶¶ 1, 9. One of Versata's main areas of focus is in software product configuration software, particularly complex automotive manufacturing software that allows manufacturers and dealers to have multiple configuration options for different vehicles. *Id.* at ¶¶ 9-10.

After years of research and development, Versata created the "Automotive Configuration Manager" ("ACM"), a software platform specifically designed to assist automotive manufacturers in defining and distributing automotive product configurations, enable manufacturers to manage extremely complex vehicle lines, enhance the consumer and dealer shopping experience, and make custom configuration possible on the web. *Id.* at ¶ 10. Versata also created "Retail Config," specifically designed to assist automotive manufacturers, dealers, and consumers in defining, creating, equipping, shopping for, and ordering automotive product configurations. *Id.* at ¶ 10.

After several months of discussions, Versata came to an agreement with Jaguar Land Rover ("JLR") for JLR to license and use Versata software, including Retail Config and ACM. *Id*. at ¶ 20. As part of the licensing agreement, JLR agreed that ACM, Retail Config, and

Versata's Trade Secrets would be disclosed to JLR solely for the benefit of JLR, and that JLR would not disclose any of Versata's Trade Secrets to any non-JLR personnel. *Id*. at ¶ 19.

Plaintiff alleges that Configit and JLR began a relationship during the time JLR was using ACM and Retail Config. *Id.* at ¶ 23. Configit is a company organized under the laws of Denmark, headquartered in Copenhagen, Denmark, with its principal place of business in Copenhagen, Denmark. Def.'s Mot. to Dismiss, Ex. 1 at ¶ 2, ECF No. 12-1 (hereafter "First Declaration"). Plaintiff further alleges that Configit used this relationship with JLR to obtain access to ACM, Retail Config, and Versata's Trade Secrets and used that information to develop their own intellectual property that they could sell or license to customers in the United States and around the world. Pl.'s Compl. at ¶ 29. Plaintiff also claims that Configit knew, or should have known, that Versata was headquartered in Austin, Texas, and knew, or should have known, that misappropriating ACM, Retail Config, and Versata's Trade Secrets would cause substantial harm to Versata in Texas. *Id.* at ¶ 33.

Configit avers that it does no business in Texas and has no Texas customers. First Decl. at ¶ 10. Furthermore, Configit has no employees or agents in Texas, and no one in Texas has a license to use Configit A/S software. *See* First Decl. at ¶ 10; Def.'s Reply in Supp. of Mot. to Dismiss, Ex. 1 at ¶ 3, ECF No. 17-1 (hereafter "Second Declaration"). The only activity Configit has directed towards Texas is a single pitch meeting in Houston to an oil and gas company in 2014. Second Decl. at ¶ 4. Additionally, JLR has no licensed user of Configit A/S software in Texas. *Id*. at ¶ 5. Versata and Configit have never had nor sought a business relationship with one another. First Decl. at ¶ 11.

Plaintiff filed suit on October 8, 2019. Pl.'s Compl. at 1. Plaintiff requests a preliminary, then permanent order requiring Configit to return all of its Trade Secrets and Confidential

Information to Versata and prohibiting Configit from using any Versata Trade Secrets or selling or licensing any software services or products based on Versata's Trade Secrets. *See id.* at 16-17. Plaintiff also requests a declaratory judgment against Configit regarding the rights and interests in all of the technology and intellectual property developed by Configit using Versata Trade Secrets. *Id.* at 17. Finally, Plaintiff requests judgment awarding Versata actual, consequential, and other damages allowable by law. *Id.* On January 27, 2020, Configit moved to dismiss the case for lack of personal jurisdiction and for failure to state a claim. Responses, replies, and sur-replies followed thereafter.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (internal citations omitted); *Soto v. Vanderbilt Mortg. & Fin., Inc.*, No. CIV.A. C-10-66, 2010 WL 1790177, at *3 (S.D. Tex. May 3, 2010). A dismissal for lack of personal jurisdiction is not a judgment on the merits, and thus, is not a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b); *Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 666-67 (5th Cir. 2004).

A federal court may exercise personal jurisdiction over a foreign defendant if (1) that defendant has purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that

defendant does not offend traditional notions of fair play and substantial justice. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (quoting (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)). Both of these requirements must be met in order to comply with due process. *Id*. The Texas long-arm statute authorizes the exercise of personal jurisdiction to the limits allowed by the Due Process Clause of the Fourteenth Amendment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 1997).

"A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that [he] should reasonably anticipate being haled into court there.'" *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 379 (5th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Fifth Circuit applies a three-step analysis for this specific jurisdiction issue: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (citing S*eiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The Supreme Court has stated that for a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

A few principles have emerged to help guide a court's understanding of personal jurisdiction. First, a defendant's contacts with the forum must be "contacts that the 'defendant himself' creates with the forum State." *Id.* (quoting *Burger King*, 471 U.S. at 475). Second, the principles and limits of jurisdiction "principally protect the liberty of the nonresident

defendant—not the convenience of the plaintiff or third parties." *Walden,* 571 U.S. at 284 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id*. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id*. (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Stated another way, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*.

### III. Discussion

**A. Texas does not have personal jurisdiction over Configit because Versata has not established that Configit has minimum contacts with Texas.**

Simply put, Configit does not have minimum contacts with Texas sufficient to establish personal jurisdiction. First, there can be no general jurisdiction in Texas over Configit because Configit's place of incorporation and principal place of business is in Copenhagen, Denmark. First Decl. at ¶ 2;  *see Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014) ("With respect to a corporation, the place of incorporation and the principal place of business are 'paradig[m]...bases for general jurisdiction.'") (quoting *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)); *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (noting that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business"). Therefore, Versata must establish that Texas has specific jurisdiction over Configit to establish personal jurisdiction.

Whether a forum state may assert specific jurisdiction over a defendant focuses on the relationship among the defendant, the forum, and the litigation. *Walden*, 571 U.S. at 283-84. A prima facie case for specific jurisdiction requires that a nonresident defendant has "purposefully directed it activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472. Versata's claim that Configit has marketed and sold their configuration software "to customers around the world, including in the United States" is not sufficient to establish jurisdiction in Texas because the plaintiff must allege more than purposeful availment of "some forum, some place". *See Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002).

The only Texas-specific connection Versata alleges is that Configit allegedly knew, or should have known, that Versata was based in Texas and the injury would be felt there. *See* Pl.'s Compl. at ¶ 33. Versata argues that this allegation supports specific jurisdiction because the "harmful effects" of Configit's tort connect it to Texas. *See generally Calder v. Jones*, 465 U.S. 783, 788-89 (1984). However, Versata's reliance on the "harmful effects" test in *Calder* is misplaced. The foreseeable effects of a tort are to be considered as *part* of the minimum contacts analysis, but foreseeable injury alone is not sufficient to confer specific jurisdiction. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999); *United Servs. Auto. Ass'n v. New Day Fin., LLC*, No. SA–17–CV–759–OLG, 2018 WL 1899807, at \*6 (W.D. Tex. Mar. 8, 2018), report and recommendation adopted, 2018 WL 1905113 (W.D. Tex. Mar. 27, 2018).

The *Calder* test is not a substitute for minimum contacts that demonstrate purposeful availment of the benefits of the forum state. *Panda*, 253 F.3d at 869. "The proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct

7

connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 289. Versata has not alleged that Configit nor its actions are related to the Texas in any way.

Therefore, the allegations that Configit knew Versata resided in Texas, knew the trade secrets were developed and housed in Texas, and knew that its actions would cause harm in Texas are insufficient to establish minimum contacts with Texas. *Id*. at 870. Because of this conclusion, the Court does not need to examine whether exercising specific jurisdiction over Configit comports with "fair play and substantial justice." *See Panda*, 253 F.3d at 870.

**B. Versata cannot establish jurisdiction under Rule 4(k)(2) because Configit concedes that jurisdiction exists in California and Michigan.**

Further, personal jurisdiction pursuant to Rule 4(k)(2) cannot be established because Configit has conceded that it is subject to jurisdiction in California and Michigan. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2014). Federal Rule of Civil Procedure 4(k)(2) provides that, if the plaintiff has pled a federal claim and there are minimum contacts with the United States, but not sufficient contacts with any one state to invoke its long-arm statute, then the case may proceed in the plaintiff's chosen forum. *See* Fed. R. Civ. P. 4(k)(2); *Adams*, 364 F. 3d at 650. However, if a defendant concedes to jurisdiction in another state, Rule 4(k)(2) cannot apply. *See, e.g., Adams*, 364 F.3d at 651; *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ("A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed."); *Ramzan v. GDS Holdings Ltd.*, No. 4:18-CV-539-ALM-KPJ, 2019 WL 4748001, at *8 (E.D. Texas Sept. 30, 2019).

Here, Configit has explicitly stated that its contacts and conduct in both California and Michigan render Configit subject to personal jurisdiction in those states. As a result, Rule 4(k)(2) does not apply. *See Freescale Semiconductor, Inc. v. AmTran Tech Co.,* 2014 WL 1603665

(W.D. Tex. Mar. 19, 2014). Therefore, even under Rule 4(k)(2), personal jurisdiction over Configit cannot be established.

**C. Jurisdictional discovery is not appropriate because a request for a court order must be made by motion, and Versata has not shown that discovery would produce the facts needed to withstand a 12(b)(2) motion.**

Versata has spent a significant portion of its responses to Configit's motion to dismiss for lack of personal jurisdiction explaining why they should be permitted to engage in jurisdictional discovery. Jurisdictional discovery need not be granted when discovery is not likely to produce facts needed to withstand a motion to dismiss. *See Monkton*, 768 F.3d at 434; *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction" that does not require proof that personal jurisdiction exists, but "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Given Versata's inability to establish a prima facie case for personal jurisdiction, it is unlikely additional discovery information on Configit's contacts with Texas would add any "significant facts." *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). Such information would not have strengthened Versata's ability to demonstrate that Configit has had any direct contacts with Texas in connection to the litigation. Therefore, jurisdictional discovery is not appropriate.

**D. Defendant's 12(b)(6) Motion need not be addressed because the finding of lack of personal jurisdiction renders the Motion moot.**

Because this Court lacks personal jurisdiction, we do no reach the motion to dismiss for failure to state a claim. *See Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). For a federal court to reach the merits of a claim, it must first have jurisdiction. *See id.*; *Lorenz v. Tex.*

*Workforce Comm'n*, 211 Fed. App'x 242, 244 (5th Cir. 2006); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (noting that without jurisdiction, federal courts lack the power to adjudicate claims). Because personal jurisdiction with respect to Configit has not been established, Defendant's Motion should be **DENIED IN PART AS MOOT** with respect to the 12(b)(6) ground presented therein.

### IV. RECOMMENDATION

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART** with respect to the 12(b)(2) ground, **DENIED IN PART AS MOOT** with respect to the 12(b)(6) ground, and that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure (12)(b)(2).

### V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate

review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 10th day of June, 2020.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE